OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award in favor of plaintiff and remanding the matter for a new trial limited to the issue of damages with respect to plaintiffs cause of action; as so modified, affirmed without costs.
The weight of the credible evidence in this small claims trial establishes that defendant’s rejection of a wedding dress ordered from plaintiff couture bridal salon was wrongful, thus entitling plaintiff to damages and dismissal of defendant’s counterclaim. However, the matter must be remanded for a new trial for an assessment of plaintiffs damages.
Plaintiff sued for the unpaid contract price of $2,681.75. Pursuant to Uniform Commercial Code § 2-709, the contract price may be an appropriate measure of damages if the buyer fails to pay the price and “if the seller is unable after reasonable effort to resell [the goods] at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing” (UCC 2-709 [1] [b]). Subdivision (2) of section 2-709 provides:
“Where the seller sues for the price he must hold for the buyer any goods which have been identified to the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.”
Thus, in order to recover the contract price, the seller bears the burden of establishing that the goods could not be resold at a reasonable price, or that resale is impracticable or unavailing under the circumstances. Upon payment of a judgment awarding the contract price, the seller must turn over the goods to the buyer’s possession. If the seller is not entitled to recover the contract price under section 2-709, damages may nevertheless be awarded pursuant to Uniform Commercial Code § 2-708 (see, UCC 2-709 [3]).
We note that the award of $1,967 corresponds neither to the measure of damages under Uniform Commercial Code § 2-709 nor § 2-708. To the extent that the contractual cancellation clause may be deemed a liquidated damages clause entitling plaintiff to the full contract price and possession of the gown, it *602 is unenforceable as a penalty (see, Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420).
Scholnick, P. J., Aronin and Rios, JJ., concur.